IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ESTATE OF BETTY SIMS, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 5:24-cv-53 |
| v. | |
| FAITH FAMILY PRACTICE, LLC, et al., | |
| Defendants. | |

**O R D E R**

Defendants Faith Family Practice, LLC, and FFP Sub, LLC (collectively, "FFP") filed a Motion to Stay Discovery. Doc. 21. Plaintiffs filed a Response in opposition. Doc. 23. For the following reasons, the Court **GRANTS** Defendants' Motion to Stay. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss. The Court further **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion to dismiss and then submit their Rule 26(f) report 7 days after their conference for any remaining pending claims. The Court **DIRECTS** the Clerk of Court to terminate the Rule 26(f) report. Doc. 24.

Plaintiffs initially filed suit in this Court on August 6, 2024, asserting four claims. Doc. 1. Count I is for professional negligence under Georgia law against FFP. Id. at 2–6. Counts II and IV are related Georgia law claims against those Defendants for pain and suffering, as well as attorneys' fees. Id. at 6–7, 10. In Count III, Plaintiffs assert a federal deliberate indifference claim against Defendant Freddie Henderson. Id. at 7–9.

FFP filed a motion to dismiss, and Plaintiffs filed an Amended Complaint. Docs. 13, 14. The Court denied FFP's first motion to dismiss as moot. Doc. 16. FFP filed a second motion to dismiss, accompanied by the instant Motion to Stay. Docs. 20, 21. Plaintiffs oppose FFP's motions and filed a consolidated brief in response. Doc. 22.

Plaintiffs allege FFP acted negligently when treating Betty Sims while she was held at the Pierce County Jail between May 4, 2023 and May 22, 2023. Doc. 14 at 2–6. Plaintiffs argue that FFP breached their duty of care in failing to properly diagnose and treat Ms. Sims's *E. coli* infection, leading to her death from sepsis, and this constitutes professional negligence. Id. Plaintiffs also allege that Defendant Freddie Henderson, a supervisor at the jail, refused to allow Ms. Sims to be taken to a hospital in a timely manner on May 22, 2023, which further contributed to her pain and suffering. Id. at 7–10. Plaintiffs argue Defendant Henderson's actions constitute deliberate indifference, in violation of the Fourteenth Amendment. Id.

FFP, in their motion to dismiss, argue Plaintiffs' only claims against them fall under state law and these state-law issues predominate in the case, rendering supplemental jurisdiction over them improper. Doc. 20. In the Motion to Stay, FFP argue, "An order staying discovery is appropriate as it will protect the parties from the expense of discovery that may prove unnecessary." Doc. 21 at 4. Plaintiffs argue in response that a stay is not appropriate, as the pending motion to dismiss would not dispose of the entire case and Plaintiffs would be harmed by a delay in discovery. Doc. 22-1.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery

2

begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.

Defendants have met their burden in showing a stay is appropriate.  While a ruling on the motion to dismiss is a decision for the District Judge, a "preliminary peek" reveals Defendants' motion would dismiss the case against all but one Defendant and may reduce the scope of discovery against the only remaining Defendant, Freddie Henderson.  In addition, Defendants'

3

motion to dismiss, predicated on a lack of subject matter jurisdiction, presents a purely legal question, obviating the need for any discovery to take place before the motion to dismiss is resolved. Rivas, 676 F. App'x at 932.

Plaintiffs argue against a stay, noting that FFP's motion to dismiss would not dispose of the case entirely. Doc. 22-1 at 10. Plaintiffs state, "If FFP's motion is granted, Plaintiffs would, at much greater expense of time, effort, and case costs, continue to pursue the medical negligence claims and deliberate indifference claims in two different courts."[1] Doc. 22-1 at 12. Plaintiffs' argument is unconvincing. A stay of discovery in this case will not change the potential that Plaintiffs may have to litigate different claims in different courts. Plaintiffs also argue they would experience "harm" from delaying discovery, but Plaintiffs fail to identify any specific harm.

Ultimately, there appears to be little harm in delaying discovery, even if all of Plaintiffs' claims survive FFP's motion to dismiss. There is also no indication a stay would create prejudice or risk destruction of evidence. And a stay could potentially conserve resources, given that FFP's motion to dismiss has the potential to narrow the scope of discovery in this federal action. For these reasons, the Court **GRANTS** Defendants' Motion to Stay Discovery. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss. The Court **DIRECTS** the remaining parties to confer within 14 days of a ruling on

---

[1] Plaintiffs note in their response to FFP's motion to dismiss they "will prosecute" their federal claim against Defendant Henderson in this Court "even in the absence of a state law claim against FFP." Doc. 22-1 at 5. Plaintiffs also make repeated assertions about litigating in multiple courts in the event their state law claims are dismissed. See id. at 2 ("Defendant FFP has filed a motion to dismiss, asking this Court to decline supplemental jurisdiction over Plaintiffs' claims against them and to order Plaintiffs to litigate these claims simultaneously in two separate courts."). In short, Plaintiffs maintain they will pursue their state law claims in a Georgia state court if this Court dismisses those claims.

FFP's motion to dismiss and then submit their Rule 26(f) report 7 days after their conference.

The Court **DIRECTS** the Clerk of Court to terminate the currently pending Rule 26(f) report.

**SO ORDERED**, this 12th day of November, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA